**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **LEANDRO DARIEN DOMINGUEZ ZAYAS,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-1279-D** |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Leandro Darien Dominguez Zayas, a Cuban citizen proceeding *pro se*,[1] filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Doc. 1).[2] United States District Judge Timothy D. DeGiusti referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). (Doc. 3). In accordance with the expedited briefing schedule, (Doc. 6), Respondents timely

---

[1] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But the court cannot serve as Petitioner's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

filed a Response to the Petition.[3] (Doc. 8). Petitioner filed a reply. (Doc. 11).[4] As fully set forth below, the undersigned recommends that the Petition be **GRANTED in part** because Petitioner's detention without a bond hearing violates the Immigration and Nationality Act ("INA"). The Court should order an individualized bond hearing before a neutral Immigration Judge within 7 days of the judgment in this matter, or else release him from custody.

## I. Factual Background and Procedural History

Petitioner, who is a native and citizen of Cuba, applied for admission to the United States on September 1, 2024, at San Ysidro, California. (Doc. 8, at Ex. 1, at 1). On the same day, ICE placed him into removal proceedings before the Immigration Court through the issuance of a Notice to Appear and charged him as inadmissible pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I) as an immigrant not in possession of valid documents at the time of entry. (*Id.* at 1, 4). Petitioner was then released on parole. (Doc. 8, at Ex. 2, at 2; *see also* Doc. 1, at Ex. 5, at 2; Doc. 11, at 1). After his release, Petitioner filed an Application for Asylum and Withholding of Removal. (Doc. 8, at Ex. 4).

---

[3] The Response was not filed on behalf of Respondent Fred Figueroa, Warden of Diamondback Correctional Facility, because he is not a federal official. (Doc. 8, at 1 n.1). The undersigned concludes that a separate response from Fred Figueroa is not necessary to resolve this matter.

[4] Contemporaneous with his reply brief, Petitioner filed a Motion to Accept Late Brief of Response for the Petition for Writ of Habeas Corpus requesting the Court accept his untimely reply. (Doc. 10). Petitioner's Motion is **GRANTED**.

On October 28, 2025, Petitioner was arrested by state authorities for Driving While Intoxicated. (Doc. 8, at Ex. 2, at 2). On November 8, 2025, ICE re-detained him pursuant to a warrant after taking custody of him from state authorities. (*Id.* at 4; Doc. 8, at Ex. 3, at 1). Petitioner has been detained since then without a bond hearing despite requesting one. (Doc. 1, at 3). Respondents assert that Petitioner is subject to mandatory detention under § 1225(b)(1). (Doc. 8, at 3).

On July 17, 2026, an immigration judge ordered Petitioner removed. *See* EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last accessed Sept. 9, 2026). However, Petitioner appealed the immigration judge's decision on July 27, 2026. *Id.* Accordingly, his order of removal is not yet final.

## II. Petitioner's Claims[5] and Respondents' Responses

Liberally construed, Petitioner alleges (1) his detention without meaningful safeguards, such as individualized review, violates his right to procedural due process; and (2) his detention has become so prolonged it violates his substantive due process right. (Doc. 1, at 5). As relief, Petitioner requests that the Court order his immediate release on reasonable supervision conditions or order a constitutionally adequate bond hearing within five days where the government bears the burden of proof and the standard is clear and convincing evidence. (*Id.* at 6).

[5] On June 30, 2026, Petitioner filed another petition, which was docketed as Case Number CIV-26-1634-D. On July 17, 2026, the Court consolidated these cases. (Doc. 9). The undersigned has considered Petitioner's duplicate petition in making this recommendation.

Respondents assert that Petitioner is subject to mandatory detention under § 1225(b)(1). (Doc. 8, at 3). However, they also assert that that this matter is controlled by *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). (*Id.* (stating that "while *Quiroz* concerned a dispute over the proper interpretation of § 1225(b)(2)(A), not § 1225(b)(1), the Tenth Circuit observed that '§ 1225(b)(1) . . . is also limited to the border.'")). "Respondents request that any order be limited to ordering the Respondents to provide a bond hearing within seven days." (*Id.*) They specifically ask the Court to refrain from addressing the constitutional claims. (*Id.*)

In Reply, Petitioner notes that Respondents concede he is entitled to a bond hearing, but he alleges that ICE will still deny him bond. (Doc. 11, at 1). Accordingly, Petitioner requests that the Court "taking into account [he has] been detained by ICE for nine months" and requests "an inmediate [sic] release or a release under supervision." (*Id.*)

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis

### A. Section 1226(a) Applies to Petitioner's Detention.

While Petitioner does not explicitly allege a violation of the INA in the Petition, to determine what process is due to him, the Court must first analyze what provision governs

his detention. The two sections of the INA at issue are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Section 1225(b)(1) "governs procedures for the inspection of aliens arriving in the United States who have not been admitted or paroled." *M.S.P.C. v. U.S. Customs & Border Prot.*, 60 F. Supp. 3d 1156, 1161 (D.N.M. 2014) (citing § 1225(b)(1)).

Fundamentally, under § 1225(b)(1), a non-citizen who arrives at a port of entry and applies for admission is ordered removed "without further hearing or review" unless the non-citizen "indicates either an intention to apply for asylum" or expresses a fear of persecution. If Petitioner is subject to this "expedited removal" under § 1225(b)(1), he is not entitled to a bond hearing. Non-citizens detained under § 1225(b)(1)(B)(ii) can be paroled under 8 U.S.C. § 1182(d)(5)(A) for humanitarian purposes. On the other hand, § 1226(a) authorizes detention of a non-citizen pending removal proceedings and entitles the non-citizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

The parties appear to disagree on what provision governs Petitioner's detention. Specifically, Petitioner alleges his detention is governed by 8 U.S.C. § 1226(c). (Doc. 1, at 3). Section 1226(c) dictates mandatory detention for certain criminal aliens. While it is undisputed Petitioner was arrested for Driving While Intoxicated on October 28, 2025, it does not appear ICE is detaining him as a criminal alien subject to mandatory detention pursuant to § 1226(c). (*See* Doc. 8, at 3 (alleging Petitioner is detained pursuant to §

1225(b)(1)). Accordingly, the undersigned liberally construes Petitioner to be alleging he is detained pursuant to § 1226(a), the more general provision that governs the detention of non-citizens like Petitioner who were not detained at the border and who are not subject to § 1226(c).

Respondents assert Petitioner is detained under § 1225(b)(1) but also assert that *Quiroz* dictates he is entitled to a bond hearing pursuant to § 1226(a) because *Quiroz* acknowledged that § 1225(b)(1) — like § 1225(b)(2) that was at issue in that case — is limited to the border. (Doc. 8, at 3). Thus, despite contradictory allegations, both parties agree that Petitioner is entitled to a bond hearing under § 1226(a).[6]

**B. Petitioner Is Entitled to a Bond Hearing.**

A bond hearing before an immigration judge is the proper remedy for a non-citizen detained under § 1226(a). *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1248, 1251 n.13

[6] However, even if the parties didn't agree Petitioner was entitled to a bond hearing under § 1226(a), the undersigned would conclude he is. Petitioner was apprehended in the interior of the country in November 2025 and had been living in the United States for more than one year after he was granted parole in September 2024. The undersigned finds it implausible under these circumstances that Petitioner remains an "arriving alien" subject to § 1225(b)(1). Under § 1225(b)(1), "someone arriving in the United States is someone who has reached the border or a port of entry." *Rafibaev v. Noem*, No. 26-CV-00461, 2026 WL 607559, at *3 (D. Colo. Mar. 4, 2026) (citation modified). Thus, "upon his parole into the interior of the country, petitioner had arrived in the United States and was no longer a noncitizen *arriving* in the United States." *Id.* (emphasis added) (citation modified). Judges in this District have consistently held the same. *See, e.g., Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026) (applying § 1226(a) to govern re-detention of petitioner previously designated as an arriving alien and released on parole); *Ochilov v. Grant*, No. CIV-26-526-R, 2026 WL 1896139, at *2 (W.D. Okla. July 1, 2026) (same); *Drozdov v. Lyons*, No. CIV-26-365-SLP, 2026 WL 1470929, at *2 (W.D. Okla. May 26, 2026) (same).

(10th Cir. 2026) ("Because Santillan Quiroz can properly be subject to detention under § 1226(a), though, the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him."); *see also, e.g., Aitiev v. Gantt*, No. CIV-26-997-R, 2026 WL 2125893, at *2 (W.D. Okla. July 23, 2026) (citing *Santillan Quiroz* and finding "that a bond hearing is the proper remedy" where "the more general provisions of § 1226 govern" rather than § 1225(b)(1)); *Sukuev v. Gantt*, No. CIV-26-532-SLP, 2026 WL 2323188, at *2 & n.5 (W.D. Okla. Aug. 11, 2026) (same). And when "§ 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226—namely, an individualized bond hearing before an IJ." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025); *see also Karimov v. Cerna*, No. CIV-26-304-R, 2026 WL 950130, at *1 (W.D. Okla. Apr. 8, 2026) ("An individualized custody redetermination hearing would provide Petitioner with the process he is due under the statute."). Therefore, the Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral immigration judge within seven days or otherwise release him if he does not have a lawful bond hearing within that period.[7]

[7] Judges in this District have consistently declined to order that the burden of proof at such a bond hearing be shifted from the non-citizen to the government. *See, e.g., Monu v. Mullin*, No. CIV-26-812-D, 2026 WL 2351348, at *4 n.3 (W.D. Okla. Aug. 13, 2026) (declining to address petitioner's burden-shifting claim).

### C. The Court Should Decline to Consider Petitioner's Prolonged Detention Claim.

If the Court adopts the undersigned's recommendation that Petitioner be granted a bond hearing, the Court should decline to consider Petitioner's remaining allegation that his detention has become so prolonged that it violates his due process rights because, at most, he would only be entitled to the same relief already recommended — a bond hearing. *See Colin v. Holt*, CIV-25-1189-D, 2025 WL 3645176, at *6 n.3 (W.D. Okla. Dec. 16, 2025) (declining to decide the merits of a petitioner's additional due process claim when adopting the recommended relief of a bond hearing pursuant to § 1226(a)); *accord Hernandez v. Mullin*, No. CIV-26-475-R, 2026 WL 1625669, at *3 (W.D. Okla. June 5, 2026) (holding that a non-citizen whose mandatory detention under § 1226(c) became so prolonged that it violates due process was entitled only to a bond hearing).

## V. Recommended Ruling and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) be **GRANTED to the extent it requests habeas relief under 28 U.S.C. § 2241.** The undersigned recommends that the Court order Respondents to provide Petitioner an individualized bond hearing. The undersigned further recommends that the Court order Respondents to certify compliance by filing a status report within three business days of the Court's order.

**The Court advises the parties of their right to object to this Report and Recommendation by September 16, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ.

P. 72(b)(2).[8] The Court further advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 9th day of September, 2026.

Amanda L. Maxfield

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE

---

[8] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) (noting that "[t]he Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process").