**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| LEANDRO DARIEN DOMINGUEZ ZAYAS,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, *et al.*,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-1279-D |

**ORDER**

Petitioner Leandro Darien Dominguez Zayas filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner is a citizen of Cuba who entered the United States on or around September 1, 2024. [Doc. No. 8-1]. Petitioner was placed into removal proceedings, which remain pending, and was released into the United States. [Doc. No. 8-2]; *see* https://acis.eoir.justice.gov/en/caseInformation (last visited Nov. 20, 2026).

On October 28, 2025, Petitioner was arrested by state authorities for Driving While Intoxicated. [Doc. No. 8-2]. On November 8, 2025, ICE re-detained Petitioner pursuant to a warrant after taking custody of him from state authorities. [Doc. No. 8-3]. Petitioner was transported to Cimarron Correctional Facility, where he remains detained. [Doc. No. 1]. Respondents maintain Petitioner is detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(1). [Doc. No. 8, p. 3].

Petitioner challenges his detention on substantive and procedural due process grounds, and requests immediate release, or in the alternative, a bond hearing. [Doc. No.

1]. Respondents filed a response in opposition to Petitioner's Petition [Doc. No. 8], contending Petitioner's detention is pursuant to § 1225(b)(1). Petitioner filed a reply in support of his Petition. [Doc. No. 11].

The matter was referred to United States Magistrate Judge Amanda L. Maxfield for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 3]. Judge Maxfield issued a Report and Recommendation ("Report"), recommending the Court grant the Petition in part and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a). [Doc. No. 12].

Contrary to Respondents' position in their response to Petitioners' Petition, Respondents filed a timely Objection to the Report, asserting Petitioner is properly detained under 8 U.S.C. § 1225(b)(2)(A) and therefore not entitled to a bond hearing. [Doc. No. 13]. However, Respondents concede *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) compels a different outcome. *Id*. The Court must make a *de novo* determination of the portions of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The Court agrees with Judge Maxfield's determination that Petitioner is detained pursuant to 8 U.S.C. § 1226. Moreover, the Court agrees with Judge Maxfield's conclusion that the relief warranted is a bond hearing pursuant to § 1226. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1251 n. 13 (10th Cir. 2026) (directing the district court to order the government to provide the petitioner a bond hearing within 7 days "[b]ecause [the

petitioner] can properly be subject to detention under § 1226(a).”). Given this determination, the Court declines to address Petitioner’s remaining claims at this time.

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 12] is **ADOPTED**, and the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED in part** as set forth herein.

**IT IS FURTHER ORDERED** that Respondents shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), within 7 days of the date of this Order, or release Petitioner. A separate judgment shall be entered.

**IT IS FURTHER ORDERED** that Petitioner’s Motion to Request an Order from the Court [Doc. No. 14] is **DENIED as moot**.

**IT IS SO ORDERED** this 24th day of November, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE